UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| CAROL A. MCCOLLUM, ) <br> ) <br> Plaintiff, ) <br> ) <br> ) <br> -vs- ) <br> ) <br> NANCY A. BERRYHILL, ) <br> Acting Commissioner of Social Security; ) <br> ) <br> Defendant. ) <br> _____ ) | Civil Action No.: 4:17-cv-02095-TER <br><br><br><br> **ORDER** |

This is an action brought pursuant to Section 205(g) of the Social Security Act, as amended, 42 U.S.C. Section 405(g), to obtain judicial review of a "final decision" of the Commissioner of Social Security, denying Plaintiff's claim for disability insurance benefits (DIB). The only issues before the Court are whether the findings of fact are supported by substantial evidence and whether proper legal standards have been applied. This action is proceeding before the undersigned by voluntary consent pursuant to 28 U.S.C. § 636(c) and Fed. R. Civ. Proc. R. 73.

## I. RELEVANT BACKGROUND

**A.     Procedural History**

Plaintiff filed an application for DIB on April 28, 2014, alleging inability to work since January 1, 2014. (Tr. 46). Her claims were denied initially and upon reconsideration. Thereafter, Plaintiff filed a request for a hearing. A hearing was held on November 15, 2016, at which time Plaintiff and a vocational expert (VE) testified. The Administrative Law Judge (ALJ) issued an unfavorable decision on February 23, 2017, finding that Plaintiff was not disabled within the meaning of the Act. (Tr. 46-52). Plaintiff filed a request for review of the ALJ's decision, which

the Appeals Council denied on June 15, 2017, making the ALJ's decision the Commissioner's final decision. Plaintiff filed this action on August 9, 2017. (ECF No. 1).

**B.      Plaintiff's Background and Medical History**

Plaintiff was born on April 1, 1957, and was fifty-six years old at the time of the alleged onset. (Tr. 81). Plaintiff had past relevant work experience as a policy holder clerk. (Tr. 20). Plaintiff alleges disability originally due to tendinitis, carpal tunnel, diabetes, high blood pressure, migraines, pinched nerve in neck, both knees, shoulder problem, reflux, Dupuytren's, and problems in both feet. (Tr. 81). Only records pertinent to the issue upon which the undersigned's remand is based will be summarized under the appropriate issue heading.

**C.      The ALJ's Decision**

In the decision of February 23, 2017, the ALJ made the following findings of fact and conclusions of law (Tr. 46-52):

1. The claimant last met the insured status requirements of the Social Security Act on December 31, 2016.

2. The claimant did not engage in substantial gainful activity during the period from her alleged onset date of January 1, 2014, through her date last insured of December 31, 2016 (20 CFR 404.1571 *et seq.*).

3. Through the date last insured, the claimant had the following severe impairments: carpal tunnel syndrome and diabetes mellitus with diabetic neuropathy. (20 CFR 404.1520(c)).

4. Through the date last insured, the claimant did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(11), 404.1525 and 404.1526).

5. After careful consideration of the entire record, I find that, through the date last insured, the claimant had the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b). Specifically, the claimant was able to lift and carry up to 20 pounds occasionally and 10 pounds frequently and stand, walk, and sit for 6 hours in an 8- hour day except that the claimant can frequently climb ramps and stairs but can never climb ladders,

ropes, or scaffolds. She can occasionally stoop, kneel, crouch, and crawl, and can perform frequent handling with her dominant upper extremity. She can have occasional exposure to hazards.

6. Through the date last insured, the claimant was capable of performing past relevant work as a machine operator. This work did not require the performance of work-related activities precluded by the claimant's residual functional capacity (20 CFR 404.1565).

7. The claimant was not under a disability, as defined in the Social Security Act, at any time from January 1, 2014, the alleged onset date, through December 31, 2016, the date last insured (20 CFR 404.1520(1)).

## II. DISCUSSION

Plaintiff argues the ALJ failed to properly evaluate the demands of Plaintiff's past relevant work in accordance with SSR 82-62, in finding Plaintiff could return to past relevant work as a machine operator. Plaintiff argues the ALJ erred in finding Plaintiff's degenerative joint disease of the left shoulder status post arthroscopic rotator cuff repair was non-severe. Plaintiff argues the ALJ erred in failing to address several impairments, including bilateral knee osteoarthritis and cervical spondylosis with radiculopathy. Plaintiff argues the ALJ failed to address limitations in the left upper extremity. Plaintiff argues the ALJ erred in finding an RFC of light exertion.

Defendant argues the ALJ's decision is supported by substantial evidence.

### A. LEGAL FRAMEWORK

#### 1. The Commissioner's Determination–of–Disability Process

The Act provides that disability benefits shall be available to those persons insured for benefits, who are not of retirement age, who properly apply, and who are under a "disability." 42 U.S.C. § 423(a). Section 423(d)(1)(A) defines disability as: the inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for at least 12

3

consecutive months. 42 U.S.C. § 423(d)(1)(A).

To facilitate a uniform and efficient processing of disability claims, regulations promulgated under the Act have reduced the statutory definition of disability to a series of five sequential questions. *See, e.g., Heckler v. Campbell*, 461 U.S. 458, 460 (1983) (discussing considerations and noting the "need for efficiency" in considering disability claims). An examiner must consider the following: (1) whether the claimant is engaged in substantial gainful activity ("SGA"); (2) whether he has a severe impairment; (3) whether that impairment meets or equals an impairment included in the Listings;[1] (4) whether such impairment prevents claimant from performing PRW;[2] and (5) whether the impairment prevents him from doing SGA. *See* 20 C.F.R. § 404.1520. These considerations are sometimes referred to as the "five steps" of the Commissioner's disability analysis. If a decision regarding disability may be made at any step, no further inquiry is necessary. 20 C.F.R. § 404.1520(a)(4) (providing that if Commissioner can find claimant disabled or not disabled at a step, Commissioner makes determination and does not go on to the next step).

---

[1] The Commissioner's regulations include an extensive list of impairments ("the Listings" or "Listed impairments") the Agency considers disabling without the need to assess whether there are any jobs a claimant could do. The Agency considers the Listed impairments, found at 20 C.F.R. part 404, subpart P, Appendix 1, severe enough to prevent all gainful activity. 20 C.F.R. § 404.1525. If the medical evidence shows a claimant meets or equals all criteria of any of the Listed impairments for at least one year, he will be found disabled without further assessment. 20 C.F.R. § 404.1520(a)(4)(iii). To meet or equal one of these Listings, the claimant must establish that his impairments match several specific criteria or be "at least equal in severity and duration to [those] criteria." 20 C.F.R. § 404.1526; *Sullivan v. Zebley*, 493 U.S. 521, 530 (1990); *see Bowen v. Yuckert*, 482 U.S. 137, 146 (1987) (noting the burden is on claimant to establish his impairment is disabling at Step 3).

[2] In the event the examiner does not find a claimant disabled at the third step and does not have sufficient information about the claimant's past relevant work to make a finding at the fourth step, he may proceed to the fifth step of the sequential evaluation process pursuant to 20 C.F.R. § 404.1520(h).

A claimant is not disabled within the meaning of the Act if he can return to PRW as it is customarily performed in the economy or as the claimant actually performed the work. See 20 C.F.R. Subpart P, § 404.1520(a), (b); Social Security Ruling ("SSR") 82–62 (1982). The claimant bears the burden of establishing his inability to work within the meaning of the Act. 42 U.S.C. § 423(d)(5).

Once an individual has made a prima facie showing of disability by establishing the inability to return to PRW, the burden shifts to the Commissioner to come forward with evidence that claimant can perform alternative work and that such work exists in the regional economy. To satisfy that burden, the Commissioner may obtain testimony from a VE demonstrating the existence of jobs available in the national economy that claimant can perform despite the existence of impairments that prevent the return to PRW. *Walls v. Barnhart*, 296 F.3d 287, 290 (4th Cir. 2002). If the Commissioner satisfies that burden, the claimant must then establish that he is unable to perform other work. *Hall v. Harris*, 658 F.2d 260, 264-65 (4th Cir. 1981); *see generally Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987) (regarding burdens of proof).

### 2. The Court's Standard of Review

The Act permits a claimant to obtain judicial review of "any final decision of the Commissioner [ ] made after a hearing to which he was a party." 42 U.S.C. § 405(g). The scope of that federal court review is narrowly-tailored to determine whether the findings of the Commissioner are supported by substantial evidence and whether the Commissioner applied the proper legal standard in evaluating the claimant's case. *See id.*; *Richardson v. Perales*, 402 U.S. 389, 390 (1971); *Walls*, 296 F.3d at 290 (*citing Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990)).

The court's function is not to "try these cases *de novo* or resolve mere conflicts in the evidence." *Vitek v. Finch*, 438 F.2d 1157, 1157-58 (4th Cir. 1971); *see Pyles v. Bowen*, 849 F.2d 846, 848 (4th Cir.1988) (*citing Smith v. Schweiker*, 795 F.2d 343, 345 (4th Cir. 1986)). Rather, the court must uphold the Commissioner's decision if it is supported by substantial evidence. "Substantial evidence" is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402 U.S. at 390, 401; *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005). Thus, the court must carefully scrutinize the entire record to assure there is a sound foundation for the Commissioner's findings and that her conclusion is rational. *See Vitek*, 438 F.2d at 1157-58; *see also Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964). If there is substantial evidence to support the decision of the Commissioner, that decision must be affirmed "even should the court disagree with such decision." *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972).

**B.   ANALYSIS**

**PRW: SSR 82-62**

Plaintiff argues the ALJ failed to properly evaluate the demands of Plaintiff's past relevant work in accordance with SSR 82-62. Plaintiff argues the ALJ failed to identify which machine operator job in Plaintiff's past was PRW.

Pursuant to 20 C.F.R. §416.920(a)(4) (iv), "[i]f you can still do your past relevant work, we will find that you are not disabled." SSR 82–62 sets forth the procedures used at Step Four of the sequential analysis when determining whether the claimant's RFC permits her to return to her PRW. The ALJ must consider whether a claimant has the RFC to "meet the physical and mental demands of jobs a claimant has performed in the past (either the specific job a claimant performed or the same kind of work as it is customarily performed throughout the economy)," and, if the claimant can

6

return to her PRW, she may be found "not disabled." SSR 82–62. The ALJ is required to consider:

Determination of the claimant's ability to do PRW requires a careful appraisal of **(1) the individual's statements as to which past work requirements can no longer be met and the reason(s) for his or her inability to meet those requirements;** (2) medical evidence establishing how the impairment limits ability to meet the physical and mental requirements of the work; and (3) in some cases, supplementary or corroborative information from other sources such as employers, the Dictionary of Occupational Titles, etc., on the requirements of the work as generally performed in the economy. The decision as to whether the claimant retains the functional capacity to perform past work which has current relevance has far-reaching implications and must be developed and explained fully in the disability decision. Since this is an important and, in some instances, a controlling issue, every effort must be made to secure evidence that resolves the issue as clearly and explicitly as circumstances permit.

SSR 82-62(emphasis added).

Further, SSR 82–62 requires the following specific factual findings when the ALJ determines that a claimant can meet the physical and mental demands of PRW:

The rationale for a disability decision must be written so that a clear picture of the case can be obtained. The rationale must follow an orderly pattern and show clearly how specific evidence leads to a conclusion.
...
In finding that an individual has the capacity to perform a past relevant job, the determination or decision must contain among the findings the following specific findings of fact:
1. A finding of fact as to the individual's RFC.
**2. A finding of fact as to the physical and mental demands of the past job/occupation.**
3. A finding of fact that the individual's RFC would permit a return to his or her past job or occupation.

SSR 82-62(emphasis added).

The ALJ here found:

6. Through the date last insured, the claimant was capable of performing past relevant work as a machine operator. This work did not require the performance of work-related activities precluded by the claimant's residual functional capacity (20 CFR 404.1565).

I find that the claimant performed her work as a machine operator within 15 years prior to the time of adjudication of the claim, performed such work at substantial gainful activity levels, and performed such work for a period of time sufficient to have learned the techniques, acquired information, and developed the facility needed for average performance in the job situation. See also

7

Social Security Ruling 82-62.

(Tr. 52).

Plaintiff testified she was laid off from the last job she had in 2012, the Mohawk job, and then she started having complications. (Tr. 65). When asked what she did there, Plaintiff stated: "I was a machine operator, but I had an injury at that job." (Tr. 66). Plaintiff testified regarding other jobs: taking care of people with special needs for Marion/Dillon County Mental Health; a plant job/machine operator for a few months with Pinnacle Staffing; a sewing machine operator for MJ Soffe; assembly line work at Perdue; long term care for Manor House; and machine operator/assembly line with box machine at Daniel's Home Bakery. (Tr. 66-69). The ALJ stated the following were SGA: the machine operator at Mohawk, the mental health job, the sewing machine operator, the job at Perdue, and the job at the bakery. (Tr. 69-70). Plaintiff testified she was unable to work because of her medications' side effects of drowsiness and dizziness, her carpal tunnel, her severe migraines, a pinched nerve in her neck, arthritis, shoulder problems/pain, dropping things, no grip, can carry 5-10 pounds with two hands, feet pain, back pain, knee arthritis and fluid, overactive bladder, and asthma causing breathing and sleeping problems. (Tr. 70-73). Plaintiff testified she could walk for 5 minutes, sit for 40 minutes, and stand for 20 minutes. (Tr. 75).

The VE did not testify which part of Plaintiff's testimony went with which job, but testified to a list of the jobs. (Tr. 78). The VE classified Plaintiff's past work as: machine operator, SVP 2, unskilled, light, DOT 681.685-046; sewing machine operator, SVP 3, semiskilled, light; poultry processor/packager, SVP 2, unskilled, medium; residential aid, SVP 6, skilled, medium, and packaging machine operator, SVP 2, unskilled, medium, 920.685-078. (Tr. 78-79). When asked if

8

an individual of Plaintiff's age, education, and past work with the limitations of light work, frequently sit/stand/walk, frequently climb ramps/stairs, never climb ladders/ropes/scaffolds, occasionally stoop/kneel/crouch/crawl, frequently handle with the right upper extremity, and occasional exposure to hazards, the VE testified "only the job of machine operator." (Tr. 79). It is not clear from the testimony to which "machine operator" job the VE was referring.

Plaintiff completed several work history reports. On Exhibit 2E, Plaintiff listed two machine operator jobs, one ending in 2012 and one ending in 2007. (Tr. 216). No further questions about the jobs were answered. On Exhibit 4E, Plaintiff wrote the job of machine operator for Mohawk ending in 2012(tenth job listed). (Tr. 240). Plaintiff also wrote machine operator for Soffe ending 2007. Plaintiff also noted other machine operator jobs that may have been outside the 15 year period. (Tr. 240). Because Mohawk was the 10th job listed on the form, Plaintiff did not have form questions to answer and wrote in "lift, 5 pound[s], reach, kneel, standing, walking, bend, $12.00, 8 hour[s] a day, 5 day[s] a week." (Tr. 247). Exhibit 12E lists machine operator with Mohawk ending in 2012 and machine operator with a bakery ending in 2002. (Tr. 273). The Mohawk machine operator job is described as walking and standing all day with no sitting. Plaintiff handled and reached constantly all day and stooped every 20 minutes. Plaintiff lifted 25 pound cans of yarn five times daily for 60 feet. (Tr. 274). Plaintiff indicated she frequently lifted 25 pounds. (Tr. 274). The bakery machine operator did lift/carry 5 pounds, standing 6 hours, and walking 2 hours with handling/reaching all day. (Tr. 280). In Exhibit 16E, Plaintiff described a machine operator job for Pranco Manufacturing sewing pillows, a machine operator job for Soffe sewing sleeves, a machine operator job for Mrs. Smith Bakery closing boxes, and a machine operator for Mohawk. (Tr. 301).

The ALJ is required to consider the Plaintiff's testimony as to why past work could not be

9

performed. *Harris v. Sec'y Dep. of Health and Human Servs.*, 866 F.2d 1415 (1989)(unpublished)(citing SSR 82-62). In *Harris*, the ALJ's findings were devoid of any reference or discussion of the plaintiff's contention of what caused his inability to continue his job as a security guard. *Id.* Because the ALJ did not discuss plaintiff's testimony, the Fourth Circuit found the ALJ's findings were deficient under the mandates of SSR 82-62 and remanded the case. *Id.* Here, the ALJ did not expressly consider Plaintiff's testimony and Plaintiff's reports of the work requirements and reasons why she could not return to the PRW. The ALJ did not further develop the record regarding questions of demands of PRW and other SSR 82-62 considerations. The ALJ relied on the VE's conclusion that Plaintiff's description would be light, without considering, as required by SSR 82-62, Plaintiff's "statements as to which past work requirements can no longer be met and the reason(s) for his or her inability to meet those requirements." *See* SSR 82-62. Such error requires remand. *See Harris*, 866 F.2d 1415. The ALJ failed to make a "finding of fact as to the physical and mental demands of the past job/occupation."

To answer the question of whether reliance on a VE is an appropriate substitute for following the mandates of SSR 82-62, the Fourth Circuit has not directly addressed the precise issue of whether reliance solely on VE testimony is sufficient under SSR 82-62. However, other circuits have held that it is not adequate. *See Winfrey v. Chater*, 92 F.3d 1017 (10th Cir. 2005), *Pinto v. Massanari*, 249 F.3d 840, 847 (9th Cir. 2001), *Bailey v. Commissioner,* 1999 WL 433339 (6th Cir. 1999). Judge Duffy adopted the majority view and held "under SSR 82–62, reliance solely on testimony from a VE is an insufficient basis for a PRW decision." *Parker v. Astrue*, 664 F. Supp. 2d 544, 555-57 (D.S.C. 2009).

The ALJ here found an RFC of light with additional limitations and the VE testified only to

10

PRW as machine operator, DOT 681.685-046. The DOT number given by the VE is related to the textile industry and Plaintiff did relate on forms that Mohawk involved yarn. The DOT number notes light strength: 20 pounds occasionally and 10 pounds frequently. Reaching/handling/fingering is frequent. Plaintiff indicated in the Mohawk job she lifted 25 pound cans of yarn five times daily for 60 feet. (Tr. 274). Plaintiff indicated she "frequently lifted 25 pounds." (Tr. 274). The ALJ has not resolved Plaintiff's description of the job with such weights that would be greater than a light RFC with the light RFC finding and the VE's testimony. Findings by the ALJ required under SSR 82-62 are lacking.

As discussed above, the ALJ has not "developed and explained fully," or provided a rationale that shows "clearly how specific evidence [the evidence required to be considered by SSR 82-62] leads to a conclusion" that Plaintiff can return to PRW. *See* SSR 82-62.

In light of the court's finding that this matter should be remanded for further consideration, the court need not address Plaintiff's remaining issues. *See Boone v. Barnhart*, 353 F.3d 203, 211 n.19 (3d Cir. 2003) (remanding on other grounds and declining to address claimant's additional arguments). Upon remand, the ALJ should take into consideration Plaintiff's remaining allegations of error under the applicable law and regulations.

### III. CONCLUSION

In conclusion, it may well be that substantial evidence exists to support the Commissioner's decision in the instant case. The court cannot, however, conduct a proper review based on the record presented. Pursuant to the power of the Court to enter a judgment affirming, modifying, or reversing the Commissioner's decision with remand in social security actions under sentence four of Sections 205(g) and 1631(c)(3) of the Social Security Act, 42 U.S.C. Sections 405(g) and

1338(c)(3), the Commissioner's decision is reversed pursuant to sentence four of 42 U.S.C. § 405(g) and this case is REMANDED to the Commissioner for further administrative action as set forth above.

                                                 s/Thomas E. Rogers, III

February 13, 2019                         Thomas E. Rogers, III
Florence, South Carolina              United States Magistrate Judge